UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WELLS-OGUNQUIT COMMUNITY )<br>SCHOOL DISTRICT, )<br>)<br>    Defendant. ) | Docket No. 09-cv-552-P-S |

**ORDER ON MOTION TO DISMISS COUNT II**

Before the Court is Defendant Wells-Ogunquit Community School District's Motion to Dismiss Count II of the Plaintiff's Complaint (Docket # 10). As explained herein, the Court GRANTS the motion and DISMISSES Count II of Plaintiff's Complaint.

**I.    LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint. Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation omitted).

The Court must accept as true all well-pleaded factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In distinguishing sufficient from insufficient pleadings, which is "a context-specific task," the Court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## II. DISCUSSION

Plaintiff Jane Doe is the mother of John Doe, a student residing within the boundaries of Defendant Wells-Ogunquit Community School District. John suffers from a variety of emotional and mental disorders which affect his ability to be educated in a conventional school setting. Plaintiff's thirty-six page Complaint details a long history of disagreements between Plaintiff and various school entities, including but not limited to the Defendant school district, with respect to how her son should be educated. As the bulk of these factual contentions are not relevant to the instant motion, they will not be set forth in detail here.

Count II of Plaintiff's Complaint alleges that Defendant's proposed IEP discriminated and retaliated against John by reason of his disability in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and 34 C.F.R. § 104.33. Defendant moves for dismissal of Count II arguing that it is precluded by the Individuals with Disabilities Education Act ("IDEA").[1] Both the Rehabilitation Act and the IDEA exist to ensure that students with disabilities are afforded access to a free appropriate public education. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 125 (1st Cir. 2003). "The IDEA establishes an elaborate scheme of identifying individuals with disabilities and ensuring that the responsible school authorities develop, in consultation with parents and students, an educational program for the student that accounts for and addresses that student's needs." Weber v. Cranston Pub. Sch. Comm., 245 F.

---

[1] Count I of Plaintiff's Complaint brings a claim under the IDEA.

2

Supp. 2d 401, 405 (D.R.I. 2003). Although the two statutes share a similar purpose, the Rehabilitation Act is broader in scope and encompasses individuals not covered by the IDEA. See Muller v. Comm. On Special Educ., 145 F.3d 95, 100 n.2 (2d Cir. 1998).

The First Circuit has held that the remedial stricture of the IDEA limits a party's ability to pursue damages under other federal statutes, including the Rehabilitation Act. In Diaz-Fonseca v. Puerto Rico, 451 F.3d 13 (1st Cir. 2006), the parent of a disabled student brought claims under IDEA, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983 against the Department of Education and others alleging that defendants were required to provide adaptive swim lessons as part of an IEP plan. The jury found in favor of the plaintiff and awarded both compensatory and punitive damages. Reversing the jury's award of damages,[2] the Court held that "§ 1983 cannot be used to escape the strictures on damages under the IDEA, which preclude both punitive damages and general compensatory damages, where the § 1983 claim is premised on a right created by the IDEA." Id. at 28. The Court noted: "[a]llowing plaintiff to claim money damages under § 1983 would subvert the overall scheme that Congress envisioned for dealing with educational disabilities, as well as the purpose of the IDEA, which simply is to ensure [a free appropriate public education]." Id. at 28-29 (internal citations and quotations omitted). The Court's holding was not limited to the coexistence of § 1983 and IDEA actions, as it explicitly stated that if a case "turns entirely on the rights created by statute in the IDEA," a party also has "no viable independent claim under Title II of the ADA or section 504 of the Rehabilitation Act." Id. at 29.

This case falls squarely within the holding of Diaz-Fonseca. The First Circuit has held that "procedural inadequacies that have compromised the pupil's right to an appropriate

---

[2] The court sustained the jury's award of compensatory damages to the extent that they were intended to reimburse the plaintiff for money spent on her daughter's educational expenses but reversed in all other respects.

3

education or caused a deprivation of educational benefits are the stuff of successful IDEA actions." Murphy v. Timberlane Regional Sch. Dist., 22 F.3d 1186, 1196 (1st Cir. 1994) (internal quotation omitted).  Plaintiff's Rehabilitation Act claim is premised on alleged procedural inadequacies in the development of John's IEP.  Among other things, Plaintiff contends that Defendant retaliated against her by:  (1) hiring an unqualified psychiatrist to evaluate John, (2) ignoring the recommendations of John's treating physicians, and (3) excluding Plaintiff from key discussions regarding John's placement.  Because Plaintiff's Rehabilitation Act claim "turns entirely on the rights created by statute in the IDEA," Count II of Plaintiff's Complaint must be dismissed.  Diaz-Fonseca, 451 F.3d at 29.

Plaintiff argues that M.M.R.-Z. v. Puerto Rico, 528 F.3d 9 (1st Cir. 2008) protects her Rehabilitation Act claim from dismissal.  However, the Court finds that the facts of this case are easily distinguishable. In M.M.R.-Z., the plaintiff alleged retaliation in response to her reporting to the police that her son was being sexually abused by his educational provider.  Thus, the act underlying the retaliation was completely unrelated to the IDEA.  In fact, the plaintiff in that case did not even bring a claim under the IDEA.  Here, Plaintiff alleges that she was retaliated against for zealously advocating on behalf of her son during the development of his IEP.  The Court finds that Plaintiff's Rehabilitation Act claim is a mirror of her IDEA claim, and thus falls squarely within the rationale of Diaz-Fonseca.  Accordingly, Plaintiff's Rehabilitation Act claim must be dismissed.

**IV.     CONCLUSION**

For the reasons explained herein, the Court GRANTS Defendants' Motion to Dismiss Count II (Docket # 10).   Count II of Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

    /s/ George Z. Singal
United States District Judge

Dated this 25th day of March, 2010.