UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JANE DOE,                              )
                                       )
      *Plaintiff*     )
                                       )
v.                                     )    Civil No. 09-552-P-S
                                       )
WELLS-OGUNQUIT COMMUNITY               )
SCHOOL DISTRICT,                       )
                                       )
      *Defendant*     )


***MEMORANDUM DECISION ON MOTION TO SUPPLEMENT THE RECORD***

The plaintiff, who brings this action individually and as next friend of her minor son, seeks to supplement the record in this case arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, by adding certain affidavits and documents. Plaintiff's Motion to Permit Presentation of Additional Evidence ("Motion") (Docket No. 19) & supporting documents (Docket Nos. 20-23). The defendant opposes the motion, asserting that the additional evidence does not meet the standard applicable in the First Circuit for supplementing the administrative record, and, in the alternative, that it must be allowed additional discovery if the material is admitted. Defendant's Opposition to Plaintiff's Motion to Supplement the Record ("Opposition") (Docket No. 25) at 5-10. I grant the motion in part.

**Discussion**

The action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear

additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). The plaintiff relies on language from an early First Circuit construction of the statute, *Town of Burlington v. Department of Educ.*, 736 F.2d 773 (1st Cir. 1984), in which one of four listed possible reasons for allowing supplementation of the administrative record is "evidence concerning relevant events occurring subsequent to the administrative hearing," *id*. at 790.

The plaintiff asserts that her proffered additional evidence fits within this category. Motion at 3-4. Specifically, she offers the following additional evidence: 1) testimony of Laura Slap-Shelton, Psy.D., who also testified at the administrative hearing, "concerning [the minor plaintiff's] therapeutic treatment and hospitalizations following the administrative hearing . . . including his current mental health status and educational needs[;]" 2) testimony of the plaintiff "concerning [the minor plaintiff's] social-emotional difficulties since [the hearing], her attempts to implement the hearing officer's order placing [the minor plaintiff] in a day treatment setting, [the minor plaintiff's] reaction to this effort, and his subsequent hospitalizations[;]" 3) medical records of the minor plaintiff's hospital treatment; and 4) "[d]ocumentary evidence and audio recordings . . . regarding the . . . IEP [Individualized Education Program] Team's attempts to implement the hearing officer's order and subsequent IEP offers and written notices[.]" *Id*. at 2-3.

As the First Circuit has clarified, a party has no absolute right to adduce additional evidence upon request:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby

> rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Roland M.*, 910 F.2d at 996 (citation and internal punctuation omitted).

To the extent that "[t]he evidence the [plaintiff] now propose[s] to adduce sheds light on the manner in which specialized services actually have been provided to [the minor plaintiff], including the IEP developed for [him]," it "would be relevant, non-cumulative and helpful were the court to reach the question whether the [minor plaintiff's] placement . . . was appropriate." *C.G. and B.S. v. Five Town Community Sch. Dist.*, 436 F.Supp.2d 181, 186 (D. Me. 2006). Similarly, proposed evidence that sheds light on the appropriateness of the IEP properly at issue in light of the severity of the minor plaintiff's disabilities may also be added to the record. *Id.* It must also be borne in mind that "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying" before this court. *Town of Burlington*, 736 F.2d at 791. Such witnesses should be allowed to testify only about post-hearing events and only if their testimony is both relevant and not cumulative. *See Mr. and Mrs. I. v. MSAD No. 55*, No. Civ.04-165-P-H, 2004 WL 2397402 (D. Me. Oct. 27, 2004), at *2.

Here, the plaintiff proffers her own testimonial affidavit and that of Laura Slap-Shelton, Psy.D. Docket Nos. 20 & 21. Both of these individuals testified at the administrative hearing. Administrative Record (Vol. XI) at 2312. Some of this testimony will be admitted into the record. The defendant's requests for what is essentially discovery, Opposition at 9-10, therefore, become relevant. The defendant should have the opportunity to cross-examine both of these

3

witnesses about that portion of their proffered testimony that will be added to the record. *See, e.g., R.C. and E.P. v. York Sch. Dep't*, Civil No. 07-177-P-S, 2008 WL 410646 (D. Me. Feb. 12, 2008), at *3.

The following portions of the two affidavits will be excluded from the depositions, that is, no testimony with respect to the following portions of the affidavits or the subject matter of these portions of the affidavits will be admitted into the record:

Declaration of Jane Doe (Docket No. 20):

Paragraph 3: sentence 2, from beginning through comma;

Paragraph 6 in its entirety;

Paragraph 9 in its entirety;

Paragraph 10 in its entirety (*see Mr. & Mrs. V. v. York Sch. Dist.*, 434 F.Supp.2d 5, 13-14 (D. Me. 2006);

Paragraph 11: sentence 2, after the comma; and

Paragraphs 12 and 15-17 in their entirety.

Declaration of Laura Slap-Shelton, Psy.D. (Docket No. 21):

Paragraph 4 in its entirety;

Paragraph 5: all of final sentence;

Paragraph 6 in its entirety; and

Paragraphs 9-12 in their entirety.

The depositions must be completed no later than 30 days from the date of this decision.

The third proposed addition to the record, the medical records from the minor plaintiff's hospitalization after the completion of the administrative hearing and the issuance of the hearing officer's report, will be excluded from the record. For this reason, or because related passages

from the affidavits, identified above, have been excluded, the documents attached to the affidavit of Nicole L. Bradick (Docket No. 22) will also be excluded, with the exception of the final document, which is an index to the contents of the fourth proposed addition to the record.

None of the items in the fourth and final category of evidence that the plaintiff seeks to add to the record may be added to the record. There is no indication of the reliability of what are apparently sound recordings, who made them, whether the participants knew that the meetings were being recorded, and, in several instances, the recorded events are simply not relevant to the limited issue before the court in this proceeding.

I have also reviewed the documents attached to the Declaration of Amy K. Tchao (Docket No. 25-1) and do not find any of them to be appropriate for addition to the record at this time. To the extent that the defendant continues to seek to add documentary evidence to the record, it shall submit those documents no later than 10 days from the date of this decision, and I will rule on each such document individually.

To the extent that the defendant continues to seek to introduce testimony responsive to that to be given by the plaintiff and Dr. Slap-Shelton, it may submit the requested rebuttal affidavits of Dr. Rollins and Ms. Ropes no later than 15 days following counsel's receipt of the later of the transcripts of the depositions of the plaintiff and Dr. Slap-Shelton. Should the plaintiff wish to take the depositions of these individuals, no affidavits shall be submitted, and these depositions shall be completed no more than 21 days following the completion of the later of the depositions of the plaintiff and Dr. Slap-Shelton. I emphasize that all of the depositions will be limited to the subject areas set forth in the portions of the declarations of the plaintiff and Dr. Slap-Shelton submitted with the motion to supplement that record that I have not excluded from the record above.

It does not appear that any of the other deposition testimony sought by the defendant, Opposition at 10, need be taken given my rulings set forth above. Should the defendant, nonetheless, wish to take any such testimony, it shall submit no later than 10 days from the date of this decision a document identifying each individual from whom it continues to seek deposition testimony, along with a brief statement of its reasons for continuing to seek that testimony and a summary of the specific testimony it will seek to elicit. No response will be filed by the plaintiff to any such submission, and I will rule on the request as soon as possible.

**Conclusion**

For the foregoing reasons, the plaintiff's Motion to Permit Presentation of Additional Evidence is **GRANTED** to the extent set forth in the body of this decision, and otherwise **DENIED**.

Dated this 14th day of June, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge