UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JANE DOE,                              )
                                       )
      *Plaintiff*          )
                                       )
v.                                     )          Civil No. 09-552-P-S
                                       )
WELLS-OGUNQUIT COMMUNITY               )          SEALED DOCUMENT
SCHOOL DISTRICT,                       )
                                       )
      *Defendant*         )

### ORDER ON DEFENDANT'S REQUEST TO SUPPLEMENT RECORD

In accordance with the terms of my memorandum decision on the plaintiff's motion to supplement the record (Docket No. 28) in this case arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the defendant has filed a request to supplement the record with three documents and for the court to reconsider its decision to exclude two documents proffered by it at the time of its opposition to the plaintiff's motion to supplement. Defendant's Response to Court's Decision on Plaintiff's Motion to Supplement the Record ("Request") (Docket No. 29). The defendant contends that these documents are fundamental to its ability to present a defense to the evidence which the plaintiff will now be allowed to add to the record. The plaintiff opposes the request, and contends that, if the request is granted, she should be allowed to submit further evidence and conduct further discovery. Plaintiff's Objection to Defendant's Response to Court's Decision on Motion to Supplement the Record ("Opposition") (Docket No. 38). I grant the defendant's request to supplement in part.

My memorandum decision, which has been upheld over the plaintiff's appeal (Docket No. 33), allowed the plaintiff to present testimony by her and Dr. Laura Slap-Shelton, and the

1

defendant to cross-examine that testimony at deposition. I allowed testimony by the plaintiff on the following points: her claimed cooperation with the defendant in attempting to implement the hearing officer's decision from which she has appealed, Declaration of Jane Doe (Docket No. 20) ¶¶ 3-4, but not her belief about the appropriateness of the ordered placement; her son's reaction when she told him about the placement, *id*. ¶ 5; the facts that her son assaulted her on August 31, 2009, was treated in a hospital emergency room that day, and was subsequently referred to the Brattleboro Retreat, where he was admitted on September 1, 2009, *id*. ¶¶ 7-8; his general behavior at the Brattleboro Retreat, from which he was discharged on October 23, 2009, *id*. ¶¶ 8, 11; the fact that her son has been at home thereafter, and has been receiving academic tutoring, *id*. ¶¶ 11, 13; and the fact that her son's Individualized Education Program ("IEP") expired in January 2010, *id*. ¶ 14.

Dr. Slap-Shelton's testimony was limited to the following topics: she has been treating the plaintiff's son since 2008, Declaration of Laura Slap-Shelton, Psy.D. (Docket No. 21) ¶ 1; her participation in the IEP Team meeting convened in August 2009 to implement the hearing officer's decision that is here at issue, and the defendant's choice of placement for that purpose, *id*. ¶ 5; and her patient's unwillingness to visit the placement site and her awareness of his August 2009 hospital treatment and time at the Brattleboro Retreat, *id*. ¶¶ 7-8.

In response to the defendant's request for clarification of my memorandum decision, Defendant's Response to Court's Decision on Plaintiff's Motion to Supplement the Record ("Request") (Docket No. 29) at 4-6, I hold that the plaintiff may not offer any testimony, from herself or from Dr. Slap-Shelton, to the effect that her son's assault on her in August 2009 was caused by the hearing officer's decision. This makes it unnecessary to consider the defendant's request to add three more documents to the record should the court allow the plaintiff to "press

her claim that the assault against her was *because of* [her son's] anger with her '*for* cooperating' with the District[.]" Request at 6 (emphasis in original).

The defendant seeks to add the following documents to the administrative record: 1) email dated August 27, 2009 from Karen Ropes to the plaintiff; 2) email dated August 27, 2009, from the plaintiff to Karen Ropes; 3) email dated August 24, 2009, from the plaintiff to Karen Ropes; 4) a letter dated August 26, 2009, from Karen Ropes to the plaintiff; and 5) a Written Notice dated August 14, 2009. The first three documents are attached to the Request. The fourth document is Exhibit 1 to the Declaration of Amy Tchao (Docket No. 26-1) and the fifth is Docket No. 23.[1] The defendant argues that these documents "are directly responsive to and rebut the Plaintiff's sworn testimony that she 'cooperated with WOCSD [Wells-Ogunquit Community School District] in all respects' with the District's efforts to place [her son] in [a day treatment facility as ordered by the hearing officer]." Request at 2. It also contends that this court may deny the plaintiff the relief she seeks if it can show that she engaged in "obstructionism" during the process. *Id*. at 2-3.

The latter argument should have been made by the defendant in its own motion to supplement the record rather than in response to my ruling on the plaintiff's motion to supplement the record. Evidence of alleged "obstructionism" by the plaintiff presumably existed before she sought to supplement the record. Accordingly, I will consider each of the proffered documents only with respect to the defendant's asserted need to rebut the plaintiff's testimony that she cooperated with the defendant "in all respects" in the attempt to implement the hearing officer's decision.

---

[1] The plaintiff asserts that the defendant "seeks to add a progress noted dated 10/21/2009 to the record" and "seeks to add a letter from one of [her son's] doctors at Brattleboro regarding a 'maladaptive parental situation,'" Opposition at 4 n.1, but none of the documents that the defendants seeks to add to the record fits either description.

3

I conclude that each of the five documents identified above may in fact provide some factual basis for an argument that the plaintiff did not cooperate "in all respects" with the defendant in attempts to implement the hearing officer's decision. I emphasize that this conclusion does not mean that any of these documents necessarily provides proof of the defendant's argument, but merely that the defendant may use these documents as the basis for such an argument. Evaluation of the weight of the documents, as is the case with all other evidence, will occur only when the court considers the merits of this action based upon a full record.

The plaintiff argues generally that the defendant should not be able to add any of these documents to the record because they will be offered to support an affirmative defense, and, therefore, the defendant should have filed a timely motion to supplement the record rather than attempting to add the documents via a response to a ruling on the plaintiff's motion to supplement. Opposition at 2. But, the defendant does not seek to add these documents to support an affirmative defense. Rather, it seeks to add the documents to rebut an argument by the plaintiff based at least in part on events that occurred after the presentation of evidence to the hearing officer. Those events were not part of this case until the court ruled on the plaintiff's request to supplement the record with evidence of relevant events occurring subsequent to the hearing. There is no way in which the defendant could have anticipated that the plaintiff would do so, much less the nature of her argument or the court's ruling on that request.

The plaintiff next contends that it would be unfair to allow the defendant to introduce additional documentary evidence when she was not allowed to do so. *Id.* at 2-3. The simple response to that argument is that each item of proposed documentary evidence has been

4

considered on its own merits. Whether a document should be added to the administrative record must be decided on the merits of that document.

The plaintiff adds that "fairness and equity" require that she be allowed "to use and submit any documents necessary to address the subject matter of any new documentary evidence" the defendant is allowed to submit. *Id*. at 3. If the plaintiff contends in good faith that the admission of the five documents at issue injects new subject matter into this case, and that additional documents are necessary for her to respond adequately to that material, she may file a request with the court that she be allowed to add that responsive material to the record. In no event, however, is the plaintiff to present additional documents at any stage of the proceedings without the express permission of the court as to each document.

The plaintiff asserts that the defendant "again seeks to add documentary evidence to rebut testimony that the assault was caused by [her son's] anger for Ms. Doe's cooperation with Defendant." *Id*. at 4. Assuming *arguendo* that this characterization is correct, I have now excluded any testimony or other evidence concerning the plaintiff's view – or that of anyone else, for that matter – of the *cause* of the assault. Accordingly, this argument is moot.

The defendant's request for reconsideration of my earlier memorandum decision (Docket No. 28) and to supplement the record is, therefore, **GRANTED**, but only to the extent set forth above. Specifically, the following documents will be added to the administrative record:

1) E-mail dated August 27, 2009, from Karen Ropes to plaintiff (Docket No. 30-1);

2) E-mail dated August 27, 2009, from plaintiff to Karen Ropes (Docket No. 30-2);

3) E-mail from plaintiff to Karen Ropes dated August 24, 2009 (Docket No. 30-3);

4) Letter dated August 26, 2009, from Karen Ropes to plaintiff (Docket No. 26-1); and

5) Written Notice dated August 14, 2009 (Docket No. 23).

Dated this 30th day of July, 2010.

                                                                                      <u>/s/ John H. Rich III</u>  
                                                                                      John H. Rich III  
                                                                                      United States Magistrate Judge